# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY JOE SMITH and FRANCILLYA BLAKE,<br><br>                    Plaintiffs,<br><br>v.<br><br>COMMUNITY CARE, INC. and GUARDIANTRAC, LLC, *doing business as* GT INDEPENDENCE,<br><br>                    Defendants. | Case No. 20-CV-1482-JPS<br><br><br>**ORDER** |

      On November 14, 2019, Chief District Judge Pamela Pepper ordered that Plaintiff Barry Joe Smith ("Smith") be "barred from filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves or his status as a convicted felon." *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *11 (E.D. Wis. Nov. 14, 2019). That order notified Smith that he would not be allowed to request that a court modify or rescind that order for three years. *Id.* Judge Pepper further ordered that if Smith violates his restricted-filer status, "he may be subject to sanctions imposed by any judge in this district." *Id.*

      In the present case before this Court, Smith alleges that his claims arise out of his status as a descendant of slaves. Accordingly, this action as to Smith will be dismissed without prejudice. Further, because the claim of Smith's co-plaintiff, Francillya Blake ("Blake"), is inextricably intertwined with Smith's prohibited claims, this action will be dismissed without

prejudice as to her as well. Finally, the parties' agreed motion as to the deadline to file a responsive pleading, (Docket #11), will be denied as moot.

1.  **PLAINTIFFS' ALLEGATIONS**

On September 22, 2020, Plaintiffs filed their *pro se* complaint in this matter, followed by an amended complaint on October 27, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 1981, by Defendants, Community Care, Inc. ("CCI") and Guardiantrac LLC, doing business as GT Independence ("GT Independence"). (Docket #1, #8). Plaintiffs allege that Smith's brother, Donnelly Smith ("Donnelly"), is quadriplegic with a host of other serious medical conditions necessitating long-term care, and that Donnelly has a contract with CCI to provide him with medical care and supplies. (Docket #8 at 1–2). Plaintiffs allege that CCI has breached this contract, forcing Smith to take on the role of caretaker for his brother and to incur the cost of medical supplies which CCI should have been providing. (*Id.* at 2). Further, because of CCI's alleged breach, Smith claims that he was forced to "loan Donnelly's other caretaker [Blake] . . . over ten thousand dollars in pay she has earned from CCI." (*Id.*) Plaintiffs accordingly wish to be viewed as employees of Defendants and due their respective wages; thus, they bring their suit under FLSA. (*Id.* at 3–4).[1]

2.  **ANALYSIS**

Because of his repeated abusive filings in this district, in 2019, Smith was sanctioned by Judge Pepper with a restricted-filer status, prohibiting him from "filing any further pleadings or lawsuits in the Eastern District of

---

[1]It is unclear exactly how GT Independence fits into this case. Plaintiffs state that CCI provides "six month payment authorization to GT Independence," suggesting that CCI contracts with GT Independence. (Docket #8 at 3). Thus, Plaintiffs seem to be asserting that they should also be considered employees of GT Independence. (*Id.* at 3–4).

Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves or his status as a convicted felon." *Smith*, 2019 WL 6037487, at *11. In the present case, Plaintiffs claim that "[b]ut [f]or Smith and Donnelly both being Black descendants of American slaves, CCI would not be refusing and failing to allow Donnelly and Smith to enforce their contract(s) with CCI." (*Id.* at 3). This type of allegation is directly prohibited by Judge Pepper's order. Smith is barred from filing this case, and it must be dismissed as to him. As to Smith's co-plaintiff, Blake, her claim stems directly out of Smith's improper claim—that because Defendants breached Smith's contract due to his status as a descendant of slaves, Smith was forced to bring in Blake as an "employee" of Defendants, and Defendants similarly failed to pay her wages. Thus, Blake's claim must also be dismissed.

### 3. CONCLUSION

This action will be dismissed without prejudice as to both Plaintiffs. Additionally, the Court wishes to remind Smith that Judge Pepper's order designating him as a restricted filer remains in place until at least November 2022. That order provides that Smith may be sanctioned by any judge in this district if he violates it. This Court urges Smith to proceed with caution if he again chooses to seek relief for this claim and to avoid bringing any claims arising out of his status as a descendant of slaves or his status as a convicted felon.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** as to both Plaintiffs; and

**IT IS FURTHER ORDERED** that the parties' agreed motion confirming the deadline for GT Independence to file a responsive pleading (Docket #11) be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge