# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARRY J. SMITH, SR. and FRANCILLYA BLAKE, | |
| Plaintiffs, | Case No. 20-CV-1482-JPS |
| v. | |
| COMMUNITY CARE INC. and GUARDIANTRAC LLC d/b/a GT INDEPENDENCE, | **ORDER** |
| Defendants. | |

Plaintiff Barry J. Smith, Sr. ("Plaintiff"), a restricted filer, ECF No. 18 at 2–3, again moves to reopen his case, ECF No. 36, notwithstanding the Court's denial of such a motion mere weeks ago, ECF No. 34. He represents that Chief Judge Pamela Pepper modified the filing bar against him in an order dated January 10, 2025 in Case No. 19-CV-1001 such that the bar no longer applies to this case. ECF No. 36 at 1. That representation is false. In her January 10, 2025 order in that case, Chief Judge Pepper declined Plaintiff's invitation to rescind the filing bar and merely clarified the application of the filing bar for Plaintiff's benefit. *Smith v. United States Congress*, No. 19-CV-01001-PP, ECF No. 38 (E.D. Wis. Jan. 10, 2025) ("To the extent that the plaintiff asks the court to 'rescind' the filing bar . . . , the court will deny the plaintiff's motion, given his persistence in raising claims that multiple courts have told him are without merit. To the extent that the plaintiff seeks clarification as to the scope of the order, the court will grant

that request."). She did not modify the filing bar in any respect. *See generally id.*

Even if Plaintiff's representation regarding the status of the filing bar were true, the Court would still deny Plaintiff's motion. He cites to no rule or other authority suggesting that it would be appropriate to reopen his case over four years after this Court dismissed it and entered judgment. ECF Nos. 18, 19 (judgment entered Nov. 17, 2020). His reliance solely on Federal Rule of Civil Procedure 15, ECF No. 36 at 1, ignores the fact that the Court already dismissed his case and entered judgment thereon. *See Moran v. Calumet City*, 54 F.4th 483, 500 n.10 (7th Cir. 2022) ("[O]nce a district court has entered final judgment dismissing a case, the plaintiff may not amend under Rule 15(a) unless the judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal." (quoting *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020))).

In light of Plaintiff's continued manipulation of the judicial system, as fully documented in this case and his case before Chief Judge Pepper, and his misrepresentation regarding the continued application and scope of the filing bar to which he is subject, the Court will order that the Clerk of Court return unfiled all future filings from Plaintiff, or submitted by someone else on behalf of Plaintiff, in this case.

Accordingly,

**IT IS ORDERED** that Plaintiff Barry J. Smith, Sr.'s renewed motion to reopen his case, ECF No. 36, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall return unfiled all future filings from Plaintiff Barry J. Smith, Sr., or submitted by someone else on behalf of Plaintiff Barry J, Smith, Sr., in this case.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge