UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN



Barry J. Smith, Sr. and

Francillya Blake,

    Plaintiffs,

V.                                                 Case No. 20-CV-1482-JPS

Community Care Inc. and

Guardiantrac LLC d/b/a/ GT Independence,

    Defendants.

## MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED MARCH 4, 2025 FOR COURT TO CONSTRUE MOTION PURSUANT TO FRCP 60(a)(b)(4)(5)(6)

Judge Staudtmueller has judicial power to construe the motion of pro se litigant Barry Smith, hereinafter Barry, as a motion under Rule 60(a)(b)(4)(5)(6); because the trial court chose not to exercise that power, Barry herein now invokes Rule 60(a)(b)(4)(5)(6). According to the Honorable Judge Pamela Pepper, she did not intend to bar Barry out of court based on his race; this court construing her order as barring Barry based on his race is an oversight or omission under FRCP 60(a). The trial court stated in its March 4, 2025 denial of Barry's motion to reopen this case that Barry "ignores the fact that the Court already dismissed his case and entered judgment thereon" and that "[O]nce a district court has entered final judgment dismissing a case, the plaintiff may not amend under rule 15(a) unless the judgment is modified, either by the district court under Rule 59(e) or 60(b), or on appeal." See page 2 of subject order. The court has

1

sua sponte judicial authority to construe this pro se plaintiff's motion as under FRCP 60(a)(b)(4)(5)(6). Here, Barry invokes Rule 15(a)(2) based on the premise that the proposed amendment is before trial, and that the judgment it is based on is now void because the race \based part of the original restricted filer order that the dismissal was based on has been reversed by Judge Pepper and is therefore reversible under FRCP 60(b)(4)(5)(6). "We review the denial of a motion for leave to amend for abuse of discretion, but our review for abuse of discretion of futility-based denials includes de novo review of the legal basis for the futility." And "... we review post-judgment motions for leave to amend according to the Rule 15 standard when a district court enters judgment at the same time it first dismisses a case," Moran v. Calumet City, 54 F.4th 483 (7th Cir. 2022). Barry's motion to reopen this case is justified in the clear interest of justice.

The trial court dismissed Barry's complaint based solely on its interpretation of Judge Pepper's original restricted filer order against Barry in Case No. 19-CV-1001 filed November 14, 2025 at page 24. Judge Staudtmueller, and the Seventh Circuit Court of Appeals, construed Judge Pepper's order to mean that because Barry's complaint and amended complaint filed in this court identified him as a "Black descendant of American slaves" and "American Negro", she intended to bar his complaint against the defendants. According to the Seventh Circuit Court of Appeals, "The filing bar therefore blocks any suit, like this one, that includes a claim arising out of Smith's race, regardless of how he labels it." Appeal No. 20-3363, Order dated May 6, 2022 at page 3. Defendants in this case did not file a motion for dismissal that was granted by the court. The court sua sponte dismissed Barry's complaint for the sole reason he identified himself as a Descendant of American Slaves. Further, the Courts refused to allow Barry to remove by amendment that identification the courts found Offensive and replace it with the identification "American Negro"; Barry was blocked from prosecuting this case to enforce his rights arising under 42 U.S.C. Section 1981 which requires he be of a "race" other than White. This Statute

2

protects the fact that Black American citizens have the exact same rights to make and enforce contracts as do White American citizens; under this statute all races are equal. Is Barry barred from going forward with this complaint by Judge Pepper's January 10, 2025 clarified restricted filer order against him? No.

Honorable Judge Pamela Pepper has clarified her original restricted filer order by modifying it in a new restricted filer order against Barry filed on January 10, 2025. The original restricted filer order stated: "The court **ORDERS** that the plaintiff is **BARRED** from filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves or his status as a convicted felon." Case No. 19-CV-1001-pp, order dated November 14, 2019 at page 24. This language in Judge Pepper's original restricted filer order was Judge Staudtmueller's sole legal basis for dismissing Barry's complaint. Judge Staudtmuedller's dismissal was without prejudice. Nevertheless, it was futile for Barry to ask Judge Staudtmueller to reopen this case without the language of the order first being clarified. In Honorable Judge Pamela Pepper's clarified January 10, 2025 order, she states: "As the court has observed, it is possible that ----despite his repeated filing of complaints alleging meritless causes of action under the Second, Thirteenth and Fifteenth Amendments and under Article 1, Section 9, Clause 3 of the U.S. Constitution --- the plaintiff might suffer an injury as a result of a violation of Title VII, or the Fair Labor Standards Act, or regulations governing Medicare payments, or a violation of the Fourteenth Amendment's Equal Protection Clause. He might suffer an injury because of discrimination based on the fact that he is Black --- there are constitutional provisions and statutes that specifically prohibit government entities from discriminating against someone based on race, national origin and ethnicity. If the plaintiff suffers such injuries, he *should* have access to the federal courts to seek redress for such injuries." January 10, 2025 order of Honorable Judge Pamela Pepper at page 17. Clearly, this complaint was **not** and is **not** under the Second, Thirteenth and Fifteenth Amendments or under

3

Article 1, Section 9, Clause 3 of the U.S. Constitution. Honorable Judge Pamela Pepper clarified her restricted filer order against Barry. "The court **MODIFIES** the November 2019 filing bar as follows: The plaintiff is **BARRED** from filing any lawsuit in this district that raises the causes of action that this court rejected in Case Nos. 19-cv-671 and 19-cv-1001 --- including claims under the Second, Thirteenth and Fifteenth Amendments, or Article 1, Section 9, Clause 3 of the Constitution, or the <u>Dred Scott</u> decision, and including any claims that the federal government or its agencies, officials or representatives or the State of Wisconsin or its agencies, officials or representatives have passed laws or ratified constitutional provisions regulating the conduct of convicted felons in violation of the laws or Constitution of the United States." January 10, 2025 order of Honorable Judge Pamela Pepper in Case No. 19-cv-1001 at page 19.

All of the time that has passed between the time Judge Staudtmueller dismissed this case without prejudice, 2020 to 2025 is not the fault of Barry; it has been futile for Barry to attempt to reopen and amend this case up to January 10, 2025. Honorable Judge Pamela Pepper has made it crystal clear that she never intended to bar Barry's complaint in this case. The modified restricted filer order against Barry could not justifiably be used to deny Barry's motion to reopen and amend this case.

Relief requested:

Barry moves that this court reopen this case under FRCP 60(a)(b)(4)(5)(6) and FRCP 15 to allow him to move forward with his attached amended complaint.

Date: March 19, 2025.        By: _/s/ Barry J. Smith_

Barry J. Smith pro se
3124 W. Silver Spring Dr.
Milwaukee WI 53209
Progod1@msn.com

4