UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

Barry J. Smith Sr.,

and Donnelly Smith,

    Plaintiffs,

V                                        Case # 20-CV-1482

Community Care, Inc.,

and Guardiantrac LLC, dba GT Independence,

    Defendants.

---

## AMENDED CIVIL COMPLAINT

---

The court's jurisdiction of this complaint arises from the equal protection of law clause of the federal Constitution's Fourteenth Amendment, 42 U.S.C. Section 1981, and the Federal Fair Labor Standards Act.

First Cause of Action: Defendant, Community Care Inc., hereinafter CCI, for at least nine years, since 2016 and continuing through September of 2024, has refused and failed to honor its medical insurance contract with Donnelly Smith, hereinafter Donnelly, and its employment contract with Barry J. Smith, hereinafter Barry. CCI always assigned a white "care team" to control payment authorization for Donnelly's medically prescribed needs. But for the fact that Donnelly and Barry are both American Negroes, CCI's White Robert Swenson and other White members of Donnelly's care team, and their White supervisors,

1

Case 2:20-cv-01482-JPS   Filed 02/25/25   Page 1 of 4   Document 36-1
Case 2:20-cv-01482-JPS   Filed 04/03/25   Page 1 of 4   Document 43-2

would honor their medical insurance contract with Donnelly and their employment contract with Barry Smith. CCI's contract with Donnelly requires it to be responsible for providing to Donnelly all doctor prescribed medical services and supplies. Donnelly is a quadriplegic who has insulin controlled diabetes, medication controlled hypertension, albuterol and suctioning controlled breathing and swallowing impediments; his nourishment and water is pumped through a tube inserted into his stomach, he urinates via a catheter into a bag and he defecates in his bed, and his stomach feeding tube has to be skillfully removed and replaced within every six months by Barry. Because Barry was in his sixties and seventies during this time, he believed it a jeopardy to both Donnelly's and his life to not have help caring for Donnelly. Barry could not find workers willing to work for fifteen dollars per hour because the job required that Donnelly receive a bed bath from head to toe every day and a partial bed bath every time he defecated, he required his teeth be brushed every morning, he required repositioning every two to three hours, he required his blood pressure and blood glucose be reported every four hours, he required excess mucus be suctioned from his mouth when he began coughing, etc. When Donnelly has only Barry to attend to his medical and daily necessities, Barry has to work three eight hour shifts. Working 24 hours a day has been hazardous to Barry's health. CCI only pays Barry for four months out of each six month budget. Barry's son had started working for CCI and was paid just ten dollars per hour; he quit when CCI refused and failed to increase his pay to fifteen dollars per hour. CCI has never provided Donnelly the medically required three position hospital bed, which forced Barry to provide the original bed and a replacement bed. CCI has refused and failed to provide Donnelly the medically necessary gastrostomy replacement tubes and has forced Barry to provide those tubes. CCI has refused and failed to provide Donnelly catheter drain bags and other medically necessary supplies; CCI forces Barry to provide for Donnelly medical supplies which are their

2

contractual responsibility to provide. CCI has failed and refused to provide Donnelly, at his current address, a medically necessary wheelchair ramp to safely enter and exit his home, which forced Barry to provide an improvised emergency ramp. CCI knows that Barry was in his sixties when this complaint was originally filed and that he is now seventy one years old; CCI knows that Barry working for it twenty four hours a day providing to Donnelly the medically necessary care CCI has contracted to provide to him is hazardous to Barry's health. One home care worker who began working for CCI in 2019, during the two months of no pay out of the six month budgets demanded that I loan her those two months of missing pay or she would quit working. Because I needed help caring for Donnelly, I loaned her about ten thousand dollars ($10,000.00) for the about four months that defendants knowingly and voluntarily refused and failed to pay Donnelly's caregivers for every hour they work within each CCI created six month budget, which makes potential caregivers for Donnelly decline to apply for the job when Barry truthfully tells them they will be required to work under a CCI six month budget that will only pay them for the first four months of each six month budget. When Barry told her he could no longer loan her the missing CCI pay, defendants transferred her to one of their other clients. Barry's employment contract with CCI required it to pay him for each and every hour he worked for them providing medically prescribed care to their medicaid enrolled member. CCI refused and failed to properly honor their medical insurance contract with Donnelly because he is not white; CCI refused and failed to properly honor their employment contract with Barry because he is not white; clear violations of 42 U.S.C. Section 1981. Mr. Robert Swenson is CCI's agent most responsible for this complaint.

Second Cause of Action: Plaintiff, Barry J. Smith, has been employed by defendants, since September of 2016 through September of 2024, as a skilled home healthcare

3

provider; providing a nursing home level of care to their member, Donnelly Smith. During these nine years, each year defendants refused and failed to pay all hours and overtime worked for defendants by plaintiff; this amounted to four months out of each year, a total of thirty six months of hourly and overtime pay owed to plaintiff by defendants. Defendants have willfully refused and failed to pay, and recklessly disregarded plaintiffs right to be paid the wages and overtime pay he has earned from them in clear violation of the Federal Fair Labor Standards Act.

Plaintiffs demand trial by jury.

Relief requested in first cause of action: Donnelly Smith requests the jury award to him a total of Five million dollars in compensatory and punitive damages. Barry Smith requests the jury award to him a total of nine hundred and ninety five million dollars compensatory and punitive damages.

Relief requested second cause of action: Plaintiff, Barry Smith, request he be awarded all unpaid wages and overtime pay owed to him by defendants, jointly and severable, together with appropriate attorney fees as provided by the federal fair labor standards act.

Donnelly Smith motions the court appoint an attorney to represent him.

Date: February 24, 2025.

By: _____  By: _____

Barry J. Smith pro se              Donnelly Smith pro se

3124A W. Silver Spring Drive       3124 W. Silver Spring Drive

Milwaukee, WI 53209                Milwaukee, WI 53209

414-315-3913                       414-315-3913

4

Case 2:20-cv-01482-JPS   Filed 02/25/25   Page 4 of 4   Document 36-1
Case 2:20-cv-01482-JPS   Filed 04/03/25   Page 4 of 4   Document 43-2